Filed 10/6/21  P. v. Jackson CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHNNY EARL JACKSON, JR.,<br><br>Defendant and Appellant. | B310163<br><br>(Los Angeles County<br>Super. Ct. No. NA104857) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Kathy S. Pomerantz, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Johnny Earl Jackson, Jr. asks us to remand for resentencing because he says the sentencing court misunderstood its discretion to strike his strike.  We affirm because the record shows the court understood the sentencing options and exercised its discretion appropriately.  Undesignated statutory citations are to the Penal Code.

I

We have seen Jackson's case before.  We outline the procedural history.

In 2016, Jackson grabbed a necklace from a skateboarder's neck.  An information charged Jackson with one count of second degree robbery.  (§ 212.5, subd. (c).)  It also alleged Jackson served four prior prison terms (§ 667.5, subd. (b)), which included a burglary conviction (§ 459) that qualified as a prior serious felony (§ 667, subd. (a)(1)) and as a strike (§§ 667, subds. (b)–(j), 1170.12).  A jury found Jackson guilty of second degree robbery.  He admitted the prior conviction allegations.  (*People v. Jackson* (May 7, 2018, B280386) [nonpub. opn.].)

The trial court sentenced Jackson to 10 years:  the low term of two years, doubled because of the prior strike, plus five years for the prior serious felony, plus one year for one prior prison term.

On direct appeal in 2018, we remanded Jackson's case for resentencing because the trial court had not advised him of his right to a trial on the prior conviction allegations.  (*People v. Jackson*, *supra*, B280386.)  Then Jackson had a bench trial on these allegations and the court found the allegations true. (*People v. Jackson* (June 8, 2020, B293680) [nonpub. opn.].)  In September 2018, the trial court sentenced Jackson to the same 10-year sentence.

2

Jackson appealed again. (*People v. Jackson*, *supra*, B293680.) By that time, Senate Bill No. 136 (2019–2020 Reg. Sess.) made Jackson ineligible for the section 667.5, subdivision (b) enhancement. We struck the enhancement and remanded for a second resentencing.

The present appeal concerns the second resentencing. Jackson asked the trial court to exercise its discretion to lower his sentence by striking the prior strike, striking the five-year prior serious felony allegation, or both.

The prosecution asked the court to keep Jackson's earlier sentence, less the one-year section 667.5, subdivision (b) term we had struck.

The court considered Jackson's requests. It understood why the first judge who sentenced Jackson had denied his motion to strike his strike. The court explained, "I looked at a preplea report. In 2005, minor crime. 2005, identity theft. 2005, grand theft. 2006, possession of a gun. 2007, minor crime. 2009 is first degree residential burglary where he got 2 years prison. The second he gets out in 2011 we have receiving stolen property, 2 years prison. Clearly already the strike must have [] been stricken for that 2011 sentence because that's not doubled. 2013, they may or may not have got[ten] rid of the strike. I don't know. So it looks like he already had the benefit. When you do the *People v. Williams* [(1998) 17 Cal.4th 148 (*Williams*)] factors, I think this defendant is outside those factors. And I do understand why a [*People v. Superior Court* (]*Romero*[) (1996) 13 Cal.4th 497] motion was denied. . . . His prior history shows that he has been escalating in the severity of crimes.

"In this particular case it is a crime of violence. He is doing this while he is on parole. He didn't seem at least at

3

the time it didn't seem as if you had much hope for him. Actually doing fire camp does bode well in his record now. But clearly 2, 2 and 4 year prison commitments didn't seem to get the point across to him in the past. He has to earn himself the right at this point to get rid of the strike. The court will deny that request at this point in time. [If t]he court were to look at this case now, I don't deny that 10 years seem[s] a little high. This case sort of strikes me as being maybe a 7 or 8 years case. But there is no way the court can get to that. It's not a 4 years case. It's just not. The defendant deserves more. Because I am denying getting rid of the strike, I have to double, 2, 3, 5.

"So that gives me 4, 6, or 10 as the base term. So what I will do is I'm going to deny your request to strike a 5-year prior. And I will do 4 plus 5 for a total of 9 years."

## II

We uphold Jackson's sentence.

## A

Sentencing courts may strike prior strike convictions and may strike five-year prior serious felony enhancements in furtherance of justice. (§ 1385.) We review these decisions for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*); *People v. Shaw* (2020) 56 Cal.App.5th 582, 586–587.)

A sentencing court abuses its discretion if it is unaware of its discretion to strike a prior strike or if it relies on impermissible reasons to decline to dismiss a strike. (*Carmony, supra*, 33 Cal.4th at p. 378.)

Courts may strike a strike if the nature and circumstances of the defendant's present felony and prior serious or violent

4

felony convictions, and the particulars of the defendant's background, character, and prospects, bring the defendant outside the spirit of the three strikes law. (*Williams*, *supra*, 17 Cal.4th at p. 161.)

B

The sentencing court did not abuse its discretion.

Jackson incorrectly asserts the court's statement about there being no way to get a seven- or eight-year sentence meant the court mistakenly believed these sentences were categorically impossible. Jackson explains a seven- or eight-year term would have been possible had the court struck Jackson's strike, imposed a two- or three-year base term, and imposed the five-year enhancement. Jackson asks us to remand and direct the court to consider exercising its discretion to impose such a sentence.

Jackson's argument fails because the trial court demonstrated it knew it had discretion to strike the strike. The court offered a lengthy account of Jackson's prior convictions and determined it should not strike the strike. It was proper for the court to consider Jackson's criminal history. The court made a reasoned decision not to strike the strike.

After the court made this decision, it said it was not possible to give Jackson a seven- or eight-year sentence. This was true because, as the court explained, with Jackson's prior strike intact, the court could give a four-, six-, or 10-year base sentence. In context, the court's statement meant a seven- or eight-year sentence was not possible, *given that the court had determined it should not strike the strike*. Jackson is incorrect that the trial court misunderstood its sentencing options.

The court also understood it had discretion to strike the five-year prior serious felony allegation under section 667,

5

subdivision (a)(1). The court denied Jackson's request to do so. This was not an abuse of discretion.

The sentencing court understood, and did not abuse, its discretion.

## DISPOSITION

The judgment is affirmed.


WILEY, J.


We concur:


GRIMES, Acting P. J.


STRATTON, J.